IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARYL DEWAYNE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-06-1220-M |
| v. | ) |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
| Respondent. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]  For the following reasons, it is recommended that the Petition be dismissed upon filing without prejudice for lack of jurisdiction.

Petitioner is incarcerated serving a 260-month term of imprisonment for a conviction for conspiracy with intent to distribute cocaine entered in the United States District Court for

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

the Eastern District of Texas, Case No. 00-CR-5-1. (See Brief in Support of Petition, Ex. 4, docket sheet in United States v. Carter, Case No. 00-CR-5-1, United States District Court for the Eastern District of Texas).  Petitioner's appeal from this conviction was dismissed on the basis that there were no nonfrivolous issues for appeal. United States v. Carter, 273 F.3d 1102 (5th Cir. 2001).  According to Petitioner, he subsequently moved to vacate the conviction pursuant to 28 U.S.C. § 2255, and the motion was denied.  Public records available to this Court reflect that Petitioner's 28 U.S.C. § 2255 motion to vacate his conspiracy conviction, in which Petitioner alleged that he was denied effective assistance of counsel and that the trial court abused its discretion by failing to allow him to withdraw his guilty plea, was considered and rejected on its merits.  <https://ecf.txed/uscourts.gov> (Report and Recommendation of United States Magistrate Judge and Final Judgment entered in Darryl Dewayne Carter v. United States of America, Case No. 6:01-CIV-455, United States District Court for the Eastern District of Texas).  These records further reflect that Petitioner's appeal from the denial of his § 2255 motion to vacate was dismissed on May 6, 2005, due to Petitioner's failure to timely move for certificate of appealability. Id. (Enter Order file-stamped May 6, 2005, in United States v. Carter, Case No. 04-40830, United States Court of Appeals for the Fifth Circuit).

In the instant 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, Petitioner contends that he is actually innocent of the conspiracy conviction.  Petitioner also contends that the § 2255 remedy is inadequate because the evidence supporting his conviction was insufficient and he was not afforded a reasonable opportunity to obtain a reliable judicial

determination of the legality of his conviction in his criminal proceeding, direct appeal, or § 2255 motion. Brief in Support of Petition.

Petitioner's claim of innocence apparently hinges on an affidavit purportedly signed by his co-defendant, Louis Green, in which Green professes Petitioner's innocence of any wrongdoing. However, Petitioner provides a copy of a letter addressed to a "Judge Ward" to which the purported affidavit of Green is attached. This letter bears file-stamped dates showing the letter was filed in the United States District Court for the Eastern District of Texas on June 19, 2000, and filed again in the same court on April 7, 2005. Brief in Support of the Petition, Ex. A. Petitioner admits that he presented the issue of his actual innocence based on the contents of the affidavit in the sentencing court in his § 2255 motion to vacate and that the motion was denied. Petition, at 6.

The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under § 2241 is the proper method for challenging the manner in which a federal or state sentence is being executed. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2241 petition does not, however, encompass the claims of a federal prisoner of an unlawful conviction or sentence. In addition to the appeal procedures provided under statute, 28 U.S.C. § 1291, Congress enacted the 28 U.S.C. § 2255 motion to vacate for collateral attacks on the validity of a federal judgment of conviction or sentence, and the 28 U.S.C. § 2255 statute requires that such a motion be brought in the court in which the conviction or sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952);

see Bradshaw, 86 F.3d at 166 ("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted).  The 28 U.S.C. § 2255 motion to vacate is the exclusive remedy for testing the validity of a federal conviction or sentence unless it is inadequate or ineffective. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(*per curiam*), cert. denied, 377 U.S. 980 (1964); 28 U.S.C. § 2255.  The fact that Petitioner is barred from or restricted by procedures governing the filing a successive § 2255 motion in the sentencing court does not establish that the § 2255 remedy is inadequate or ineffective. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitioner has not shown that the § 2255 remedy is inadequate or ineffective for litigating his claims that his conviction is invalid.

This Court lacks jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to his federal conviction and sentence because such a challenge must be raised in a direct appeal or by motion under 28 U.S.C. § 2255, and neither the appeal or the § 2255 motion may be filed in this Court.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction without prejudice to a request for permission to file a successive 28 U.S.C. § 2255 motion in the proper court.  Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     February 19th     , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  Petitioner is further advised that failure

to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of   January  , 2007.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE